IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TIMOTHY LEON NOGGIN,**

    Petitioner,

v.                                                                       Civil Action No. **3:12CV309**

**ERIC D. WILSON,**

    Respondent.

## REPORT AND RECOMMENDATION

Timothy Leon Noggin, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1] petition.[2] In his § 2241 Petition, Noggin challenges the sentence imposed by this Court.

---

[1] That statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless—
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

[2] The United States Court of Appeals for the Fourth Circuit aptly summarized the circumstances of Noggin's conviction and sentence as follows:

> Timothy Leon Noggin was convicted on three counts of distributing cocaine base or "crack." Counts 2 and 3 were for distributing five grams or more of the drug. The Government filed notice under 21 U.S.C. § 851(a)(1) (2000) that it intended to seek an enhanced sentence because of Noggin's prior drug convictions. Noggin was sentenced as a career offender, under *U.S. Sentencing Guidelines Manual* § 4B1.1(b)(A) (2003), to 360 months of imprisonment.

*United States v. Noggin*, 153 F. App'x. 239, 240 (4th Cir. 2005). Following the denial of his direct appeal, the Court denied a 28 U.S.C. § 2255 motion filed by Noggin and the

Noggin contends that, "this Court should find as a matter of law and fact that Noggin is actually innocent of his sentence enhancement under the Career Offender Guideline of §4B1.1, as required for relief." (Mem. Supp. § 2241 Pet. 8-9 (citation omitted).) As explained below, under certain circumstances an inmate can challenge his or her conviction pursuant to 28 U.S.C. § 2241. Nevertheless, the relevant precedent from the Fourth Circuit precludes an inmate from utilizing 28 U.S.C. § 2241 to challenge the propriety of a sentencing enhancement under the United States Sentencing Guidelines. Because Noggin challenges only a sentencing enhancement in his § 2241 Petition, it is RECOMMENDED that the action be DISMISSED for want of jurisdiction.

### A. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

---

Fourth Circuit dismissed his appeal from that decision. *See United States v. Noggin*, 329 F. App'x 390, 391 (4th Cir. 2009).

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[3]

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[4] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (internal citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

---

[3] An inmate may not file a second or successive § 2255 motion, unless a panel of the appropriate Court of Appeals certifies that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

3

[Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

### B.  Analysis of Noggin's 28 U.S.C. § 2241 Petition

Noggin fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Specifically, Noggin fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal.*" *Id.* (emphasis added). The conduct of which Noggin stands convicted, distributing cocaine base, remains a crime.

Noggin seeks to proceed by § 2241 to challenge his designation as a career offender and the resulting sentence.[5] As explained below, Noggin fails to establish that he can utilize the savings clause and § 2241 to pursue alleged sentencing errors.

"Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *Poole*, 531 F.3d at 267 n.7 (citing *In re Jones*, 226 F.3d at 333-34). Indeed, the Fourth Circuit has specifically refused to allow petitioners to utilize

---

[5] Noggin's challenge to his career offender designation is not particularly clear. Noggin appears to argue that he should be deemed to have only one predicate felony for purposes of the career offender designation. (Mem. Supp. § 2241 Pet. 9.) The Fourth Circuit rejected a similar challenge by Noggin on his direct appeal. *Noggin*, 153 F. App'x at 241 ("Here, Noggin was correctly found to be a career offender based upon the uncontroverted facts of his two prior state drug distribution charges which were separated by an intervening arrest.").

4

§ 2241 to challenge their designation as a career offender. *See Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) ("[O]ur cases have confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction . . . ."); *Little v. Hamidullah*, 177 F. App'x 375, 375-76 (4th Cir. 2006) (affirming district court's determination that a federal prisoner could not utilize § 2241 to pursue a "claim[ ] that he was 'actually innocent' of being a career offender"); *Boynes v. Berkebile*, No. 5:10-cv-00939, 2012 WL 1569563, at *6 (S.D. W. Va. May 1, 2012) ("[T]he Fourth Circuit has not broadened the parameters of the analysis of the savings clause in *Jones* to encompass a challenge to a sentence based on a sentenc[ing] guideline enhancement or a claim of 'actual innocence' of a sentenc[ing] guideline enhancement."). Because Noggin challenges only the validity of his sentence and not the legality of his underlying conviction, he cannot pursue such a challenge by a § 2241 petition. *See Wilson*, 2012 WL 1245671, at *3.

Noggin is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b)(2). It may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Noggin.

Date: 7/17/13
Richmond, Virginia

/s/ M. Hannah Lauck
United States Magistrate Judge